DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed February 16, 2011, requesting that the Complaint be dismissed.
Plaintiff is appealing Notices of Liability (Notices), dated April 15, 2009, July 31, 2009, October 28, 2009, December 21, 2009, and February 18, 2010. (Ptf's Compl at 5-16.) The Notices were addressed to Plaintiff at 12479 SW Canvasback Way, Beaverton, OR 97007. Plaintiff alleges that she never received the Notices "because her spouse was redirecting all mail that appeared to be business related to his accountant's office, who was then processing such mail. The accountant's office never notified Plaintiff's spouse or Plaintiff of the assessment made against her." (Ptf's Response to Def's Mot to Dismiss at 2, filed March 25, 2011.) Plaintiff stated in her Complaint that her "contact information is as follows:
"Carla Byrum
12479 SW Canvasback Way
Beaverton, OR 97007
* * *"
The Notices included a section titled "How to Appeal a Notice of Liability[.]" Plaintiff did not make a request for a conference to Defendant. *Page 2 
Plaintiff's Complaint was postmarked January 11, 2011. Defendant's Notices of Liability assessed a tax imposed under ORS 316.162 and 316.207.[1] ORS 305.280(2)[2] provides:
 "An appeal under ORS 323.416 or ORS 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
Plaintiff's Complaint was filed more than 90 days after the date of the Notices. The court is not aware of any circumstances that extend the statutory limit of 90 days.
Plaintiff alleges that she did not receive the Notices. ORS 305.265(11)[3] provides that the "Mailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." The Notices were mailed to Plaintiff at an address that remains even today as her last known address. Defendant met its statutory obligation.
Plaintiff alleges that she is not the responsible party. Unfortunately, because Plaintiff did not file a timely appeal, the issue of whether or not Plaintiff is the responsible party cannot be addressed by this court. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of April 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on April 18, 2011. The Court filed and entered this documenton April 18, 2011.
[1] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2007.
[2] This reference is to the 2007 edition of the ORS because there is no material difference between that edition and the 2009 edition.
[3] This reference is to the 2007 edition of the ORS because there is no material difference between that edition and the 2009 edition. *Page 1